**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: CARDINAL HEALTH, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL SECURITIES ACTIONS | Case No. C2-04-575<br><br>JUDGE MARBLEY<br><br>MAGISTRATE JUDGE KING |

**CERTAIN DEFENDANTS' MOTION FOR CLARIFICATION**

Defendants Cardinal Health, Inc., Robert D. Walter, George L. Fotiades and Mark Parrish (collectively, "Cardinal") respectfully move the Court to clarify its March 27, 2006 Opinion and Order to confirm that the Court's analysis of the particularity and falsity elements of the Plaintiffs' securities fraud claims on pages 123-140, which came under the heading "Defendant E&Y's Motion to Dismiss," in fact applies to each of the defendants named in the case. This motion is not an attempt to reopen the briefing or reargue issues that the Court already has addressed. Rather, and as explained in the attached memorandum in support, Cardinal's motion seeks merely a short statement confirming that the Court's reasoning is to be applied consistently in all parts of the case and as to all defendants.

Respectfully submitted,

s/ J. Kevin Cogan
J. Kevin Cogan (0009717)
jcogan@jonesday.com
Shawn J. Organ (0042052)
sjorgan@jonesday.com
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, Ohio 43215-2673
Telephone: (614) 469-3939
Facsimile: (614) 461-4198

and

John M. Newman (0005763)
Geoffrey J. Ritts (0062603)
JONES DAY
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

and

Paul P. Eyre (0025756)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740

and

Mark A. Johnson (0030768)
Thomas L. Long (0023127)
BAKER & HOSTETLER LLP
Capitol Square, Suite 2100
65 East State Street
Columbus, Ohio 43215
Telephone: (614) 228-1541
Facsimile: (614) 462-2616

Attorneys for Defendants
Cardinal Health, Inc., Robert D. Walter,
George L. Fotiades and Mark Parrish

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: CARDINAL HEALTH, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL SECURITIES ACTIONS | Case No. C2-04-575<br><br>JUDGE MARBLEY<br><br>MAGISTRATE JUDGE KING |

**MEMORANDUM IN SUPPORT OF**
**CERTAIN DEFENDANTS' MOTION FOR CLARIFICATION**

Defendants Cardinal Health, Inc., Robert D. Walter, George L. Fotiades and Mark Parrish (collectively, "Cardinal") respectfully submit this memorandum of law in support of their motion to clarify the Court's March 27, 2006 Opinion and Order. In particular, Cardinal asks the Court to confirm that although the Court addressed the particularity and falsity elements of Plaintiffs' specific securities fraud claims beneath the caption "Defendant E&Y's Motion to Dismiss," that reasoning applies with equal force to all defendants. This motion does not seek to reopen any issue already decided but, rather, to ensure consistent application of the Court's reasoning and to forestall unnecessary collateral disputes in the potentially substantial discovery process.

This motion addresses, and is limited to, five discrete points contained in the Opinion and Order. They are:

## I. VITAMIN SUPPLEMENT LITIGATION

On page 126 of its Opinion and Order, the Court recognized that the Complaint failed to allege adequately that Cardinal made any materially false or misleading statements:

> Nonetheless, it is uncontroverted that Cardinal was at all times truthful about its treatment of the Vitamin Litigation settlement.

(Opinion and Order at 126.) As Cardinal argued previously (Memorandum in Support of Motion to Dismiss at 71-73 ("Mem."), Reply at 47-48) and as the Court held in the pages cited above, without a material false statement there can be no securities fraud claim. This claim thus should not proceed against any of the Defendants, not just Ernst & Young.

## II. RECOGNITION OF CASH DISCOUNTS

The Court's holding with respect to Cardinal's recognition of cash discounts from pharmaceutical manufacturers similarly applies across the board. As the Court noted, the Plaintiffs premise their "cash discounts" claim solely on Cardinal switching its recognition of manufacturer discounts from "one acceptable accounting method to another." (Opinion and Order at 130.) The Ernst & Young-certified change, however, could not be actionable by itself because "changes in a company's method of accounting do *not* constitute an admission that the company had violated GAAP in the past." (Id. at 130 (emphasis in original).) Nor did the Plaintiffs point to any GAAP violation or fraud in Cardinal's old method of accounting for discounts:

> The Court, however, finds that Plaintiffs have failed to allege that Cardinal's old method violated GAAP . . . .

(Id.) The Court's conclusion, although discussed in the section of its opinion addressing Ernst & Young's motion to dismiss, applies to arguments raised by all defendants (see, e.g., Mem. at 75-76, Reply at 49-50), and logically requires dismissal of the cash discounts claim as to all defendants.

## III. SPECIAL CHARGES

The Court held that the Plaintiffs' "special charges" allegations were insufficiently particularized to support a claim of fraud, writing as follows:

> Defendant E&Y retorts, and the Court agrees, that Plaintiffs' broad allegations [as to special charges] do not rise to the necessary [level of] specificity required by the PSLRA.

(Opinion and Order at 133.) Cardinal made the same particularity argument as Ernst & Young (see Mem. at 76-77 and Reply at 51-52) and Plaintiffs' allegations and authorities (primarily a 1998 speech by a former SEC Chairman) do not offer any basis for distinction between the defendants. When the Plaintiffs failed to particularize their special charges claim as to one defendant, they failed to do so as to all.

## IV. SECURITIZATION OF PYXIS RECEIVABLES

In dismissing the Plaintiffs' allegations related to the securitization of receivables in Cardinal's Pyxis division, the Court wrote:

> The Court concludes with Defendant E&Y that Plaintiffs failed to explain adequately how the mislabeling of Pyxis receivables was materially misleading and fraudulent.

(Opinion and Order at 137.) Cardinal made the same particularity argument in its motion to dismiss (see Mem. at 76, Reply at 51), and the same conclusion should apply to it. When the Plaintiffs failed to allege sufficiently that "the mislabeling of Pyxis receivables was materially misleading and fraudulent" as to one defendant, they failed as to all.

## V. NON-24-HOUR BULK SALES REVENUES

In dismissing the claims against Ernst & Young, the Court specifically distinguished between (1) Cardinal's general use of the "Bulk Deliveries to Customer Warehouses" classification (including what the Plaintiffs characterized as "bulk from stock" and "just in time"), and (2) Cardinal's application of the undisclosed "24-hour-rule" as part of that classification. As to Bulk Deliveries, the Court held that Ernst & Young could not be held liable for what Plaintiffs characterized as Ernst & Young's "fail[ure] to discover Cardinal's 'mis-

classifications' of [bulk] revenue" because Cardinal fully disclosed its policies not only to Ernst & Young, but to the market as well:

> Further, from FY 1998, when Cardinal began separating its revenues into two different line items, to FY 2004, when Cardinal issued its Restatement, classifying all revenue as a single line item, Cardinal was at all times forthcoming about its treatment of "Bulk Deliveries" and "Operating Revenues."

(Opinion and Order at 124.) Ernst & Young could not be liable, the Court held, for policies that did not violate GAAP and about which the market already knew. This analysis likewise applies to Cardinal. The Court recognized that Cardinal disclosed its "Bulk Deliveries" classification to the market and to its auditors, and the Court further held that Cardinal was "at all times forthcoming" about the bulk revenue classifications. Because neither auditors nor their clients can be liable for a false statement where none was made, the Plaintiffs' "Bulk Deliveries" securities fraud claims must fail as to all defendants.

To be clear, the Court dismissed the Plaintiffs' allegations related to the "24-hour rule" for a different reason entirely, and Cardinal does not suggest that the favorable ruling as to Ernst & Young should be extended to Cardinal. There, the Court concluded that Ernst & Young "could [not] have known" about "the Company's use of the 24-hour rule during FY 2002 and FY 2003," had no knowledge the 24-hour rule and, consequently, could not be liable for its application or misapplication:

> Hence, it was Defendant Cardinal's use of the "24-hour-rule" to manipulate the sales classifying as high margin "Operating Revenue" that led to investors' false confidence in the Company's growth, not the fact that the 24-hour rule violated GAAP in and of itself. The facts alleged do not show that E&Y could have known that the Company's use of the 24-hour rule during FY 2002 and FY 2003 had artificially inflated Cardinal's "Operating Revenue."

(Id.) That reasoning does not extend to Cardinal, and this motion does not suggest that it should.

## CONCLUSION

Cardinal believes that the Court's reasoning speaks for itself. Because the Court's analysis of the particularity and falsity elements of several of the Plaintiffs' claims happened to fall in the section of the opinion titled "Defendant Ernst & Young's Motion to Dismiss," however, and out of an abundance of caution, Cardinal requests that the Court clarify that the claims related to (i) the vitamin litigation settlement; (ii) the recognition of cash discounts; (iii) special charges; (iv) the securitization of Pyxis receivables; and (v) the bulk-from-stock and anticipatory ordering/just-in-time portion of the bulk revenue allegations have been dismissed from this case as to all defendants for the reasons already set forth on pages 123-140 of the March 27, 2006 Opinion and Order.

Respectfully submitted,

s/ J. Kevin Cogan

J. Kevin Cogan (0009717)
jcogan@jonesday.com
Shawn J. Organ (0042052)
sjorgan@jonesday.com
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, Ohio 43215-2673
Telephone: (614) 469-3939
Facsimile: (614) 461-4198

and

John M. Newman (0005763)
Geoffrey J. Ritts (0062603)
JONES DAY
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

and

Paul P. Eyre (0025756)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740

and

Mark A. Johnson (0030768)
Thomas L. Long (0023127)
BAKER & HOSTETLER LLP
Capitol Square, Suite 2100
65 East State Street
Columbus, Ohio 43215
Telephone: (614) 228-1541
Facsimile: (614) 462-2616

Attorneys for Defendants
Cardinal Health, Inc., Robert D. Walter,
George L. Fotiades and Mark Parrish

CERTIFICATE OF SERVICE

I certify that on this 7th day of April 2006, I filed a true and accurate copy of Certain Defendants' Motion for Clarification through this Court's CM/ECF system which will send notification of such filing to registered counsel electronically. Such counsel are identified in Service List A. Counsel identified in Service List B were served with an additional paper copy of the Notice.

s/ J. Kevin Cogan
J. Kevin Cogan

SERVICE LIST A

| | |
|---|---|
| Ramzi Abadou | RamziA@lerachlaw.com |
| Daniel N. Abraham | dnabraham@ee.net |
| Daniel M. Anderson | danderson@szd.com, sheaberlin@szd.com |
| James Edward Arnold | jarnold@cpaslaw.com |
| Stephen M. Baldini | sbaldini@akingump.com |
| James J. Benjamin, Jr. | jbenjamin@akingump.com |
| David Bershad | dbershad@milbergweiss.com |
| Joseph J. Braun | jjbraun@strausstroy.com |
| Robert N. Cappucci | rcappucci@entwistle-law.com |
| Solomon B. Cera | scera@gbcslaw.com |
| Stephen Eric Chappelear | sechappelear@hahnlaw.com |
| Martin D. Chitwood | mdc@classlaw.com |
| John R. Climaco | jrclim@climacolaw.com |
| Richard Leo Creighton , Jr. | rcreighton@kmklaw.com |
| Paul P. Eyre | peyre@bakerlaw.com |
| John Ryan Gall | jgall@ssd.com, kcornell@ssd.com |
| John Patrick Gilligan | jgilligan@ szd.com, slong@szd.com |
| Arthur S. Greenspan | agreenspan@rsko.com |
| Tor Gronborg | torg@lerachlaw.com |
| Shirley H. Huang | shirleyh@lerachlaw.com |
| Mark Alan Johnson | mjohnson@bakerlaw.com |
| Daniel Richard Karon | dkaron@gsk-law.com |
| Jack Landskroner | jack@landskronerlaw.com |
| Jeffrey W. Lawrence | JeffreyL@lerachlaw.com |
| William S. Lerach | BillL@lerachlaw.com |
| John Cooper McDonald | jmcdonald@szd.com |
| David P. Meyer | dmeyer@dmlaws.com |
| Geoffrey J. Moul | moul@mmmb.com |
| Brian P. Muething | bmuething@kmklaw.com |
| Brian K. Murphy | Murphy@mmmb.com |

| | |
|---|---|
| Joseph F. Murray | murray@mmmb.com |
| Robert H. Nichols | rnichols@szd.com |
| Walter W. Noss | wnoss@scott-scott.com |
| Michele L. Odorizzi | modorizzi@mayerbrown.com |
| Charles D. Riely | criely@akingump.com |
| Darren J. Robbins | e_file_sd@lerachlaw.com |
| Henry Rosen | henryr@lerachlaw.com |
| Mark R. Rosen | mrosen@barrack.com |
| Neil Rothstein | nrothstein@scott-scott.com |
| Steven G. Schulman | sschulman@milbergweiss.com |
| Christopher T. Schulten | cschulten@akingump.com |
| David R. Scott | drscott@scott-scott.com |
| Peter E. Seidman | pseidman@milbergweiss.com |
| Arthur L. Shingler | ashingler@scott-scott.com |
| Scott D. Simpkins | sdsimp@climacolaw.com |
| Scott E. Smith | ses@smithphillipslaw.com |
| Trig R. Smith | trigs@lerachlaw.com |
| Roger Philip Sugarman | rsugarman@keglerbrown.com |
| Pamela H. Thurston | pthurston@ssd.com |
| Patrick G. Warner | pwarner@dmlaws.com |
| Richard Stuart Wayne | rswayne@strausstroy.com |
| Lesley E. Weaver | lesleyw@lerachlaw.com, |
| Melvyn I. Weiss | mweiss@milbergweiss.com |
| William W. Wickersham | wwickersham@entwistle-law.com |
| James M. Wilson, Jr. | jwilson@chitwoodlaw.com |

SERVICE LIST B

| | |
|---|---|
| Lead Counsel for Plaintiffs | William S. Lerach<br>Henry Rosen<br>Tor Gronborg<br>Darren J. Robbins<br>Ramzi Akadou<br>Jeffrey W. Lawrence<br>Trig R. Smith<br>LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101 |
| | Lesley E. Weaver<br>Shirley H. Huang<br>Luke O. Brooks<br>Sylvia Wahba-Keller<br>LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP<br>100 Pine Street<br>Suite 2600<br>San Francisco, CA 94111 |
| Counsel for New Mexico | S. Gene Cauley<br>CAULEY, BOWMAN, CARNEY & WILLIAMS, LLP<br>P.O. Box 25438<br>Little Rock, AR 72221-5438 |
| Liaison Counsel for Plaintiffs | Joseph F. Murray<br>Brian K. Murphy<br>Geoffrey J. Moul<br>MURRAY MURPHY MOUL + BASIL LLP<br>1533 Lake Shore Drive<br>Suite 150<br>Columbus, OH 43204 |
| Counsel for Defendant Richard J. Miller | Arthur S. Greenspan<br>RICHARD SPEARS KIBBE & ORBE LLP<br>One World Financial Center, 29th Floor<br>New York, NY 10281-1003 |
| | Roger P. Sugarman<br>KEGLER, BROWN, HILL & RITTER<br>65 E State Street<br>Suite 1800<br>Columbus, OH 43215-4294 |

| | |
|---|---|
| Counsel for Defendants Gary Jensen & James Millar | Stephen M. Baldini<br>James J. Benjamin, Jr.<br>Christopher T. Schulten<br>Charles D. Riely<br>AKIN, GUMP, STRAUSS, HAUER & FELP, LLP<br>590 Madison Avenue<br>New York, NY 10022-2524 |
| | Robert H. Nichols<br>John C. McDonald<br>John P. Gilligan<br>Daniel M. Anderson<br>SCHOTTENSTEIN, ZOX & DUNN CO., LPA<br>250 West Street<br>P.O. Box 165020<br>Columbus, OH 43215 |
| Counsel for Defendant Ernst & Young | Michele L. Odorizzi<br>MAYER, BROWN, ROWE & MAW LLP<br>71 South Wacker Drive<br>Chicago, IL 60606-4637 |
| | Patricia A. Connell<br>ERNST & YOUNG LLP<br>5 Times Square, 36th Floor<br>New York, NY 10036 |
| | John R. Gall<br>Pamela H. Thurston<br>SQUIRE, SANDERS & DEMPSEY LLP<br>1300 Huntington Center<br>41 S High Street<br>Suite 1300<br>Columbus, OH 43215 |