UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re CARDINAL HEALTH, INC. SECURITIES LITIGATION | ) | No. C2-04-575 |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) | Judge Marbley |
| | ) | Magistrate Judge King |
| ALL ACTIONS. | ) | |

PLAINTIFFS' OPPOSITION TO CERTAIN DEFENDANTS' MOTION FOR CLARIFICATION

## I. INTRODUCTION

Plaintiffs respectfully submit this Opposition to Certain Defendants Motion for Clarification ("Defendants' Motion"), filed April 7, 2006 (Docket No. 236). The relief requested by the Cardinal Defendants should be denied as they fail to set forth any basis to disturb the Court's April 12, 2006 Order.[1] Although the Cardinal Defendants claim that their motion "is not an attempt to reopen the briefing or reargue issues that the Court already has addressed," the relief sought requires the Court to reverse its rulings that plaintiffs have stated their accounting allegations against the Cardinal Defendants with particularity. Defendants' Motion merely rehashes the same arguments the Cardinal Defendants extensively addressed in the voluminous motion to dismiss briefing and during the February 6, 2006 oral argument. Moreover, whether defendants like it or not, in painstaking detail, the Court's March 27, 2006 Order rejected the Cardinal Defendants' assertions that the Consolidated Amended Complaint ("Complaint") failed to properly allege their GAAP violations and false statements and omissions. Mar. 27, 2006 Order at 84. Specifically, the Court rejected the arguments defendants make now when it held that: "Thus, the Court finds that while the Cardinal Defendants spent considerable time and effort explaining how and why *each* of Cardinal's accounting statements was in fact both legal and proper, at this stage of the litigation, these arguments do not undermine the Plaintiffs' allegations." *Id.* at 86.

While styled a motion for clarification, by asking the Court to reverse itself, Defendants' Motion should be recognized for what it is: an improper motion for reconsideration. As this Court has previously held, motions for reconsideration are generally granted only where the moving party demonstrates: "(1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep.*

---

[1] The portions of the March 27, 2006 Opinion and Order (Docket No. 233) and the April 12, 2006 Opinion and Order (Docket No. 237) relevant to Defendants' Motion are identical.

*Drivers Ass'n v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (citing *Gencorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). None of these factors are present here.

The only identified basis for the motion asks the Court to apply certain purported findings concerning one defendant equally to all defendants; no clear error of or change in law is presented and no new evidence is available. Worse, the Cardinal Defendants ask the Court to apply findings it did not actually make. The Court's April 12, 2006 Order granted defendant Ernst and Young's ("E&Y") motion to dismiss because plaintiffs failed to establish the necessary inference of scienter required to state a claim under §10(b) against an auditor defendant. Noting the high pleading requirements applicable to auditors, the Court held plaintiffs' allegations did not establish that E&Y had intimate knowledge of Cardinal's fraudulent activities or the Cardinal Defendants' failure to adhere to GAAP standards. Apr. 12, 2006 Order at 2, 117, 143-44.

It bears emphasis that the Court did not grant E&Y's motion to dismiss because plaintiffs failed to properly allege §10(b) liability against the Cardinal Defendants with the requisite particularity. On the contrary, as the Court's Order makes clear, the Complaint sets forth the Cardinal Defendants' false statements and omissions, violations of GAAP and defendants' knowledge thereof in meticulous detail. *Id.* at 25, 80, 86. In sum, the Cardinal Defendants ask this Court to reverse its findings as to whether plaintiffs adequately allege falsity against them, yet present no justification demonstrating that the Court's prior order was erroneous or in need of clarification.

## II. THE COURT'S APRIL 12, 2006 ORDER

Addressing E&Y's motion to dismiss, the Court's April 12, 2006 Order clearly focused on whether plaintiffs had adequately alleged the auditor's scienter. In that respect, the Order mirrored the Court's focus during the February 6, 2006 oral argument. *See* Transcript of Ernst & Young Oral

Argument at 9 ("What actual allegations do you have that E&Y ***knew*** of the fraud?") (emphasis added). Emphasizing plaintiffs' duty to plead an auditor's knowledge of the fraud, the Court voiced its concern that the complaint did not establish that E&Y

> knew that the company was perpetrating a fraud in this whole area of bulk sales? Because the centerpiece of your argument is that therein rested some of the fraud that was perpetrated by Cardinal upon the investigating public. I understand that. But are there allegations, particularized allegations that E&Y ***knew*** that a fraud was being perpetrated in this particular area?
>
> * * *
>
> It almost has to be that their ***state of mind*** or their involvement made them so culpable that there was almost, in the words of *Fidel*, actual intent to aid in the fraud being perpetrated by the auditing company.

*Id.* at 11-12 (emphasis added). Subsequently, in the April 12, 2006 Order, the Court again noted the high standard applicable to auditor defendants and stated: "[T]he meaning of recklessness in securities fraud cases is especially stringent when the claim is brought against an outside auditor." Apr. 12, 2006 Order at 115. From the actual ruling in the April 12, 2006 Order, the Court granted E&Y's motion to dismiss on the grounds that plaintiffs could not establish the requisite state of mind of an auditor. In its conclusion, the Court stated:

> Plaintiffs rest on nothing more than broad conclusory allegations to assert that E&Y acted with scienter in preparing its audit reports. In *Fidel*, the Sixth Circuit explained that such vague allegations, even when viewed in their totality, "do not create the inference, much less a *strong* inference, that [an auditor] acted with the required state of mind." Therefore, as in *Fidel*, in this case, this Court concludes that, in their totality, Plaintiffs' allegations do not raise a strong inference that E&Y acted with scienter in recklessly or knowingly affirming Cardinal's fraudulent accounting for FY 2002 and FY 2003.
>
> Because Plaintiffs' claims do not create a strong inference of Defendant E&Y's scienter, Plaintiffs cannot establish all the elements of their Section 10(b) prima facie case. Thus, the Court **GRANTS** Defendant E&Y's Motion to Dismiss.

*Id.* at 143-44 (citations omitted). The Court focused on whether the accounting allegations demonstrated E&Y's knowledge of the fraud, not whether the plaintiffs adequately alleged the falsity of any statements. Thus, despite the Cardinal Defendants' claims to the contrary, the Court

did not make any holdings regarding whether plaintiffs §10(b) claims were stated with particularity against the Cardinal Defendants when it granted E&Y's motion to dismiss.

## III. THE CARDINAL DEFENDANTS ASK THIS COURT TO APPLY A RULING REGARDING THE BULK DELIVERIES MANIPULATION THAT IT DID NOT MAKE IN THE APRIL 12, 2006 ORDER

Relying on a self-serving interpretation of the Order regarding E&Y's scienter, the Cardinal Defendants now ask the Court to reverse its prior ruling on the falsity of defendants' financial statements. Defendants' Motion at 3-4. Specifically, this Court held that plaintiffs had adequately pled that Cardinal's financial statements were false or misleading based on, *inter alia*, specific allegations that defendants manipulated the Company's Bulk Deliveries and Operating Revenue results.[2] In ruling on E&Y's motion to dismiss, the Court did not contradict this holding, but ruled that Cardinal's accounting policies themselves – not the manipulation of those policies – did not violate GAAP and therefore were not a sufficient "red flag" to put E&Y on notice of the fraud. With regard to the defendants' improper accounting under the so-called 24-hour rule, the Court could not have been clearer in distinguishing between accounting ***policies*** and manipulative ***practices***: "[I]t was Defendant Cardinal's ***use*** of the '24-hour rule' to manipulate the sales classifying as high margin 'Operating Revenue' that led to investors' false confidence in the Company's growth, not the fact that the 24-hour rule violated GAAP in and of itself." Apr. 12, 2006 Order at 124. Indeed, the Cardinal Defendants concede, in this instance, that the Court's dismissal of E&Y has no bearing on the remaining defendants. Defendants' Motion at 4.

The Cardinal Defendants, nevertheless, insist that the Court should revisit the falsity issues as to the defendants' improper classification of Operating Revenue through the manipulation of non-

---

[2] Plaintiffs have previously detailed the Bulk Deliveries and Operating Revenue schemes, including defendants' manipulation of the 24-hour rule and improper classification of bulk shipments and intercepted orders. *See, e.g.,* Complaint at 285-313; Plaintiffs' Opposition to Motions to Dismiss, filed Oct. 26, 2005 (Docket No. 188) at 10-13, 27-38.

24-hour policies. Again, with regard to the Cardinal Defendants, the issue is not whether the accounting policies were improper (which would have alerted E&Y to the fraud), but whether plaintiffs have alleged that defendants manipulated those policies and issued false and misleading statements to investors.[3] Ruling on the E&Y motion to dismiss, the Court neither suggested that the Cardinal Defendants' manipulation of accounting policies to disguise the Company's actual Operating Revenue growth rate was permissible under GAAP, nor that the Cardinal Defendants were truthful and accurate about Cardinal's reported Bulk Deliveries and Operating Revenue results. Apr. 12, 2006 Order at 84-86. To the contrary, the Court only held that the Complaint failed to set forth E&Y's scienter: "The facts alleged do not show that E&Y could have ***known*** that the Company's ***use*** of the 24-hour rule during FY 2002 and FY 2003 had artificially inflated Cardinal's 'Operating Revenue.'" *Id.* at 124 (emphasis added). In the very next sentence of the Order — language ignored by the Cardinal Defendants — the Court explicitly rejects the relief defendants now request. The Court held that even though Cardinal's October 2004 restatement did not provide a sufficiently strong inference of E&Y's knowledge of the fraud, the restatement does provide an inference of the Cardinal Defendants' scienter. *Id.* Because the Court previously held that plaintiffs' scienter allegations also demonstrated that the falsity of defendants' statements and omissions was stated with particularity (*id.* at 84-85), the Court already addressed and dismissed the Cardinal Defendants' suggestion that they ***be*** treated in the same fashion as an outside auditor. Therefore, defendants'

---

3 The exact language from the April 12, 2006 Order, at 124, at issue is:

> Further, from FY 1998, when Cardinal began separating its revenues into two different line items, to FY 2004, when Cardinal issued its Restatement, classifying all revenue as a single line item, Cardinal was at all times forthcoming about its treatment of "Bulk Deliveries" and "Operating Revenues."

renewed request that the Court revise the Order and rule that plaintiffs' Bulk Deliveries and Operating Revenue fraud claims are factually incorrect or not well pled should be flatly rejected.

## IV. THE CARDINAL DEFENDANTS' ARGUMENTS REGARDING ADDITIONAL ACCOUNTING ISSUES ALSO FAIL

Purportedly requesting clarification on a number of other accounting issues, Defendants' Motion merely rehashes prior factual arguments and attempts to explain how and why each of Cardinal's accounting shenanigans was in fact both legal and proper. Defendants' Motion at 1-3. As noted, the Court's Order properly held that "at this stage of the litigation, these arguments do not undermine the Plaintiffs allegations." Apr. 12, 2006 Order at 86. Once again, defendants' arguments are premised on the fact that, in granting E&Y's motion to dismiss, the Court held that plaintiffs' accounting allegations were not stated with the requisite particularity to demonstrate ***scienter*** against an outside auditor. At no point did the Court contradict its prior ruling that plaintiffs had adequately pled the falsity of these accounting allegations.

Discussing the special charges allegations, for example, the Cardinal Defendants ignore the last sentence of the Court's Order on this issue, which does not say that the financial statements were true, but plainly states that "Plaintiffs have provided no facts that show that E&Y ***knew*** that these special charges were Cardinal's efforts at fraudulent 'big bath' accounting," holding that the Complaint did not specify E&Y's knowledge of fraudulent big bath accounting. *Id.* at 133. Similarly, defendants' assertions regarding the cash discount allegations misinterpret the facts and the Order. First, plaintiffs' allegations are not premised "solely" on Cardinal's switching its method of recognizing cash discounts. Defendants' Motion at 2. Rather it was also and ***primarily*** premised on Cardinal's failure to disclose its method of treating cash discounts in violation of GAAP and SEC

rules. It bears emphasis that Cardinal did restate its financial statement due to its failure to disclose the Company's cash discount recognition practice. *See* Complaint ¶289.[4]

Second, defendants again ignore the Order itself, which makes clear that the Court was not ruling, as a matter of law, that the Cardinal Defendants' treatment of cash discounts did not violate GAAP: Plaintiffs "do not set forth any facts suggesting that E&Y ***could have known*** the accounting treatment was incorrect." Apr. 12, 2006 Order at 131. With this language, it is clear that the Court was not deviating from its prior ruling that, at this stage of the litigation, the Court would not entertain the Cardinal Defendants' factual arguments to evaluate whether their accounting treatment of cash discounts was proper.

Finally, as to the vitamin litigation allegations, the Cardinal Defendants ask this Court to now hold that their statements about the recognition of contingent revenue were accurate, yet ignore the Court's ruling that: "In that vein, Cardinal's premature recording of the $22 million can be considered a significant breach of GAAP principles." *Id.* at 126. Defendants further ignore that,

---

[4] In Cardinal's restated Form 10-K filed on October 26, 2004, Cardinal admitted that it was restating its financial statements due to inadequate disclosures concerning its cash discount policy. In Note 1 to the financial statements (p. 52), entitled "Accounting Investigations and Restatement," Cardinal admitted:

> During September and October 2004, the Audit Committee reached certain conclusions with respect to findings to date from its internal review. These conclusions regarding certain items that impact revenue and earnings relate to four primary areas of focus . . . (2) ***disclosure of the Company's practice, in certain reporting periods, of accelerating its receipt and recognition of cash discounts earned from suppliers for prompt payment . . . . In connection with these conclusions, the Audit Committee has determined that the financial statements of the Company with respect to fiscal 2000, 2001, 2002 and 2003 as well as the first three quarters of fiscal 2004 should be restated to reflect the conclusions from its internal review to date***.

*See* Appendix 14 to Certain Defendants' Motion to Dismiss, filed Aug. 22, 2005 (Docket No. 179).

again, the Court's holding on E&Y's motion to dismiss focused on whether E&Y ***knew*** about the premature recognition of revenue, not whether the accounting manipulations were adequately pled.[5]

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied in its entirety.

DATED: May 5, 2006

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
HENRY ROSEN
TOR GRONBORG
TRIG R. SMITH
ANDREA N. SALOW

s/TOR GRONBORG
TOR GRONBORG

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: torg@lerachlaw.com

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
LESLEY E. WEAVER
SHIRLEY H. HUANG
100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

---

[5] Notably, plaintiffs were not seeking to hold E&Y liable for false financial statements which included the improperly recognized vitamin litigation proceeds.

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY (0063373)
GEOFFREY J. MOUL (0070663)
BRIAN K. MURPHY (0070654)
1533 Lake Shore Drive, Suite 150
Columbus, OH 43204
Telephone: 614/488-0400
614/488-0401 (fax)
E-mail: murray@mmmb.com

Liaison Counsel

CAULEY, BOWMAN, CARNEY
& WILLIAMS, LLP
S. GENE CAULEY
P.O. Box 25438
Little Rock, AR 72221-5438
Telephone: 501/312-8500
501/312-8505 (fax)

Counsel for New Mexico

S:\CasesSD\Cardinal Health Secs\BRF00029989.doc

CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/TOR GRONBORG

TOR GRONBORG

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: torg@lerachlaw.com

# Mailing Information for a Case 2:04-cv-00575-ALM-NMK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  RamziA@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com;sarahm@lerachlaw.com

- **Daniel N Abraham**
  dnabraham@ee.net edrakatos@rrohio.com;slongst@rrohio.com

- **Daniel M Anderson**
  danderson@szd.com sheaberlin@szd.com

- **James Edward Arnold**
  jarnold@cpaslaw.com

- **Stephen M Baldini**
  sbaldini@akingump.com

- **James J Benjamin, Jr**
  jbenjamin@akingump.com

- **David Bershad**
  dbershad@milbergweiss.com

- **Joseph J Braun**
  jjbraun@strausstroy.com mrmathews@strausstroy.com

- **Robert N Cappucci**
  rcappucci@entwistle-law.com

- **Solomon B Cera**
  scera@gbcslaw.com

- **Stephen Eric Chappelear**
  sechappelear@hahnlaw.com
  kessex@hahnlaw.com;bmyers@hahnlaw.com;hlpcr@hahnlaw.com

- **Martin D Chitwood**
  mdc@classlaw.com

- **John R Climaco**
  jrclim@climacolaw.com
- **J Kevin Cogan**
  jcogan@jonesday.com cschultz@jonesday.com
- **Richard Leo Creighton, Jr**
  rcreighton@kmklaw.com
- **Paul P Eyre**
  peyre@bakerlaw.com
- **John Ryan Gall**
  jgall@ssd.com kcornell@ssd.com
- **John Patrick Gilligan**
  jgilligan@szd.com npendleton@szd.com
- **Arthur S. Greenspan**
  agreenspan@rsko.com
- **Tor Gronborg**
  torg@lerachlaw.com christina@lerachlaw.com
- **Shirley H Huang**
  shirleyh@lerachlaw.com
- **Mark Alan Johnson**
  mjohnson@bakerlaw.com
- **Daniel Richard Karon**
  karon@gsk-law.com
- **J Todd Kennard**
  jtkennard@jonesday.com
- **Catherine J. Kowalewski**
  katek@lerachlaw.com
- **Jack Landskroner**
  jack@landskronerlaw.com debra@landskronerlaw.com
- **Jeffrey W Lawrence**
  JeffreyL@lerachlaw.com

- **William S Lerach**
  BillL@lerachlaw.com
- **Thomas Leslie Long**
  tlong@bakerlaw.com
- **John Cooper McDonald**
  jmcdonald@szd.com vseckel@szd.com;bbuettin@szd.com
- **David P Meyer**
  dmeyer@dmlaws.com snims@dmlaws.com
- **Jason T. Mogel**
  jmogel@rslco.com
- **Geoffrey J Moul**
  moul@mmmb.com tiffany@mmmb.com;debra@mmmb.com
- **Brian P Muething**
  bmuething@kmklaw.com
- **Brian K Murphy**
  murphy@mmmb.com tiffany@mmmb.com;debra@mmmb.com
- **Joseph F Murray**
  murray@mmmb.com tiffany@mmmb.com;debra@mmmb.com
- **John M Newman, Jr**
  jmnewman@jonesday.com
- **Robert H Nichols**
  rnichols@szd.com prichardson@szd.com
- **Walter W Noss**
  wnoss@scott-scott.com
- **Michele L Odorizzi**
  modorizzi@mayerbrown.com
- **Shawn J Organ**
  sjorgan@jonesday.com tcavendish@jonesday.com;kkaniclides@jonesday.com
- **Charles D. Riely**
  criely@akingump.com

- **Geoffrey J Ritts**
  gjritts@jonesday.com
- **Darren J Robbins**
  e_file_sd@lerachlaw.com
- **Henry Rosen**
  henryr@lerachlaw.com
- **Mark R Rosen**
  mrosen@barrack.com
- **Neil Rothstein**
  nrothstein@scott-scott.com
- **Steven G Schulman**
  sschulman@milbergweiss.com
- **Christopher T Schulten**
  cschulten@akingump.com
- **David R Scott**
  drscott@scott-scott.com
- **Peter E Seidman**
  pseidman@milbergweiss.com
- **Brian G Selden**
  bgselden@jonesday.com rfargabrite@jonesday.com
- **Arthur L Shingler**
  ashingler@scott-scott.com
- **Scott D Simpkins**
  sdsimp@climacolaw.com
- **Scott E Smith**
  ses@smithphillipslaw.com
- **Trig R Smith**
  trigs@lerachlaw.com
- **Roger Philip Sugarman**
  rsugarman@keglerbrown.com

- **Pamela H Thurston**
  pthurston@ssd.com kvanhorn@ssd.com;kthacker@ssd.com
- **Patrick G Warner**
  pwarner@dmlaws.com
- **Richard Stuart Wayne**
  rswayne@strausstroy.com acjansen@strausstroy.com
- **Lesley E Weaver**
  lesleyw@lerachlaw.com
- **Melvyn I Weiss**
  mweiss@milbergweiss.com
- **William W Wickersham**
  wwickersham@entwistle-law.com
- **James M Wilson**
  jwilson@chitwoodlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Luke O Brooks**
Lerach Coughlin Stoia Geller Rudman & Robb
655 West Broadway
Suite 1900
San Diego, CA 92101

**Vincent R Cappucci**
Entwistle & Cappucci LLP
299 Park Avenue
14th Floor
New York, NY 10171

**Stephen D Oestreich**
Entwistle & Cappucci LLP
299 Park Avenue
14th Floor
New York, NY 10171

**Marc A Topaz**

Schiffrin & Barroway LLP - 1
280 King of Prussia Road
Radnor, PA 19087

**Sylvia Wahba-Keller**
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101