IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: CARDINAL HEALTH INC. SECURITIES LITIGATIONS, | : : : : : : : : : : | Case No. C2-04-575 |
| Plaintiff, | | |
| v. | | JUDGE ALGENON L. MARBLEY |
| THIS DOCUMENT RELATES TO: All Securities Actions | | Magistrate Judge King |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter comes before the Court on Defendant Millar's Motion for Reconsideration of the Court's March 27, 2006 Opinion and Order.  For the reasons set forth herein, Defendant Millar's Motion is **DENIED**.

**II. PROCEDURAL HISTORY**

This Court issued its initial Opinion and Order regarding Defendants' various motions to dismiss on March 27, 2006 [Doc. No. 227].  In this Opinion and Order, the Court denied Defendant Millar's Motion to Dismiss [Doc. No. 168].  On April 4, 2006, Defendant Millar filed the Motion for Reconsideration currently at issue [Doc. No. 233].  Shortly thereafter, on April 12, 2006, this Court issued an Opinion and Order replacing its March 27, 2006 Opinion and Order [Doc. No. 237].[1]  This matter has been fully briefed and is now ripe for decision.

---

[1] "March 27 Opinion" refers to the Court's Opinion and Order dated March 27, 2006; "April 12 Opinion" refers to the Court's Opinion and Order replacing its previous order, dated April 12, 2006.

-1-

### III. LAW AND ANALYSIS

Defendant Millar asserts that in allowing Plaintiffs to use the group pleading doctrine (the "Doctrine") to make out their claim that Defendants' made an actionable misstatement or omission, this Court mistakenly relied on *In re Century B'ness. Servs. Sec. Litig. See* 2002 WL 32254513 (N.D. Ohio June 27, 2002).  According to Defendant Millar, in its March 27 Opinion, this Court mistakenly labeled *Century Business* as a Sixth Circuit case, when in fact, it is an "unpublished decision of the Northern District of Ohio."  Def. Millar's Motion for Recon. at 2. Defendant Millar argues that by relying on *Century Business* in allowing Plaintiffs to proceed under the Doctrine, this Court has made an error of law, and should, therefore, reconsider its previous ruling to grant Defendant Millar's Motion to Dismiss.

Motions for reconsideration are generally granted only where the moving party demonstrates the existence of: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law.  *See Owner-Operator Indep. Drivers Ass'n v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (citing *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

In this case, the only purported "error of law" that Defendant Millar points out is this Court's inadvertent description of *Century Business* as a Sixth Circuit opinion.  In issuing its April 12 Opinion, however, this Court corrected this typographical error, alleviating any confusion regarding its classification of the *Century Business* decision.  *See* 2002 WL 32254513. As the Court made clear at oral argument in February, *Century Business* is a decision issued by a Northern District of Ohio court, a court *within* the Sixth Circuit.  *Id*.  After *Century Business* was issued, in *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, the Sixth Circuit, while

declining to endorse the Doctrine itself, chose not to overrule the *Century Business* court's ruling upholding the Doctrine, and the case remains good law.  *See* 399 F.3d 651, 689-90 (6th Cir. 2005) (refusing to overrule the *Century Business* court's decision upholding the Doctrine).

Aside from his argument that the Court's reliance on *Century Business* in its previous opinion constitutes reversible error, Defendant Millar also relies on a number of recent cases in which courts have rejected the Doctrine.  *See* Def. Millar's Motion for Recon. at 3-4.[2]  This smattering of cases provides little more than evidence that outside the Sixth Circuit, there is a divergence of views on the Doctrine.  *See Owner-Operator Indep. Drivers Ass'n*, 288 F. Supp. 2d at 900 ("This Court is only bound by decisions of the U.S. Supreme Court and the Sixth Circuit Court of Appeals.").  Therefore, aside from pointing out a typographical error in the Court's March 27 Opinion, which has now been replaced by the April 12 Opinion, and citing to

---

[2]Many of the cases Defendant Millar cites as upholding the Doctrine are cases previously cited in his initial Motion to Dismiss. Defendant Millar also cites to four cases decided since the close of briefing in December 2005 in which courts have rejected the Doctrine; however, none of these cases is binding upon this Court . *See Makor Issues & Rights Ltd. v. Tellabs, Inc.*, 437 F.3d 588, 603 (7th Cir. Jan. 25, 2006) (rejecting the group published doctrine and holding that a plaintiff must 'distinguish among those they sue and enlighten *each defendant* as to his or particular part in the alleged fraud") (citing *Southland Sec. Corp. v. INspire Ins. Solutions, Inc.*, 365 F.3d 353, 365 (5th Cir. 2004)); *In re Netopia, Inc. Sec. Litig.*, 2005 WL 3445631, at *5 (N.D. Cal. Dec. 15, 2005); *South Ferry LP #2 v. Killinger*, 399 F. Supp. 2d 1121, 1143 n.8 (W.D. Wash. Nov. 17, 2005); *In re Cambrex Corp. Sec. Litig.*, 2005 WL 2840336, at *15 (D.N.J. Oct. 27, 2005).  Further, in a footnote, Defendant Millar cites to three additional district court cases rejecting the Doctrine in dicta, outside the context of a discussion of scienter.  Def. Millar's Motion for Recon. at 3, n.4; *see In re Nextcard, Inc. Sec. Litig.*, 2006 WL 708663, at *3 (N.D. Cal. Mar. 20, 2006); *In re Silicon Storage Tech., Inc. Sec. Litig.*, 2006 WL 648683, at *21-22 (N.D. Cal. Mar. 10, 2006); *Primavera Investors v. Liquidmetal Techs., Inc.*, 403 F. Supp. 2d 1151, 1158 (M.D. Fla. Dec. 2, 2005).  Defendant Millar also reveals, however, that six district courts have upheld the Doctrine since December 2005.  Def. Millar's Motion for Recon. at 3, n.4.  It is clear from the above opinions that despite Defendant Millar's arguments to the contrary, there has been no change to controlling law suggesting that the Court's application was incorrect.

persuasive authority decided after the oral argument on Defendants' various motions to dismiss, Defendant Millar has provided no new or intervening change in controlling precedent to support reconsideration of the Court's decision denying his motion to dismiss.

### IV. CONCLUSION

For the foregoing reasons, Defendant Millar's Motion for Reconsideration of the Court's March 27, 2006 Opinion and Order is **DENIED**.

**IT IS SO ORDERED.**

        s/Algenon L. Marbley
        **ALGENON L. MARBLEY**
        **UNITED STATES DISTRICT JUDGE**

**DATED: May 22, 2006**