**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: CARDINAL HEALTH INC. SECURITIES LITIGATIONS,** | : | |
| | : | **Case No. C2-04-575** |
| **Plaintiff,** | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| **THIS DOCUMENT RELATES TO: All Securities Actions** | : | **Magistrate Judge King** |

**OPINION AND ORDER**

## I. INTRODUCTION

This matter comes before the Court on the Motion for Clarification by Defendants Cardinal Health, Inc. ("Cardinal"), Robert D. Walter, George L. Fotiades and Mark Parrish (collectively, "Certain Defendants"). For the reasons set forth herein, Certain Defendants' Motion is **DENIED**.

## II. PROCEDURAL HISTORY

This Court issued its initial Opinion and Order regarding Defendants' various motions to dismiss on March 27, 2006 [Doc. No. 227]. In this Opinion and Order, the Court granted the Motions to Dismiss by Defendant E&Y [Doc. No.'s 174] and Defendant Gary S. Jensen ("Jensen") [Doc. No. 170] and denied the various motions to dismiss brought by the other Defendants. On April 7, 2006, Certain Defendants filed the Motion for Clarification currently at issue [Doc. No. 236]. Shortly thereafter, on April 12, 2006, this Court issued an Opinion and

Order replacing its March 27, 2006 Opinion and Order [Doc. No. 237].[1] In the April 12 Opinion, this Court corrected a typographical error in its March 27 Opinion, inadvertently labeling *In re Century B'ness. Servs. Sec. Litig.* a Sixth Circuit case. *See* 2002 WL 32254513 (N.D. Ohio June 27, 2002).[2] This matter has been fully briefed and is now ripe for decision.

## III. LAW AND ANALYSIS

Defendants' Motion "seeks confirmation that the Court's analysis of the particularity and falsity elements of the Plaintiffs' securities fraud claims on pages 123-140 [of the Court's March 27 Opinion], which came under the heading 'Defendant E&Y's Motion to Dismiss,' in fact applies to each of the [D]efendants named in the case." Defs.' Motion at 1. Specifically, Defendants ask the Court to clarify "five discrete points": (1) "in recognizing that the Complaint failed to allege adequately that Cardinal made any materially false or misleading statements" regarding the Vitamin Litigation, the Court's March 27 Opinion dismisses Plaintiffs' claims about the Vitamin Litigation as to *all* Defendants, not just E&Y; (2) the Court's conclusion that, taken by itself, Cardinal's recognition of cash discounts from pharmaceutical manufacturers was not actionable as against E&Y requires dismissal of the cash discounts claim as to *all* Defendants; (3) by holding that Plaintiffs failed to particularize their "special charges" claim as to E&Y, the logical extension of the Court's March 27 Opinion is that Plaintiffs' Complaint

---

[1]"March 27 Opinion" refers to the Court's Opinion and Order dated March 27, 2006; "April 12 Opinion" refers to the Court's Opinion and Order replacing its previous order, dated April 12, 2006. The Court will refer to Certain Defendants' Motion to Clarify as "Defendants' Motion."

[2]The Defendants filed this Motion for Clarification before the Court issued its April 12 Opinion. Other than the correction of the Court's previous typographical error, the April 12 Opinion mirrors the March 27 Opinion. As they are virtually identical, this Court's analysis of Defendants' Motion is applicable to both the March 27 Opinion and the April 12 Opinion.

failed to particularize the "special charges" claim as to *all* Defendants; (4) the Court's holding that Plaintiffs failed to allege sufficiently that "the mislabeling of Pyxis receivables was materially misleading and fraudulent" as to E&Y applies to *all* Defendants; and (5) in dismissing Plaintiffs' allegations related to Cardinal's "24-hour rule" as they applied to E&Y, the Court found that Cardinal had fully disclosed its accounting policies to both E&Y and the open market; therefore, because Cardinal made full disclosure, Defendants, like E&Y, should not be held liable for allegedly mis-treating Cardinal's Bulk Sales Revenues. *See* Defs.' Motion at 1-4.

First, in the "Introduction and Summary," the first part of this Court's Opinion, this Court detailed not only its holdings, but also identified specifically which parties were dismissed and which parties were not dismissed. This Court wrote:

> This Court holds that: (1) Plaintiffs allegations of Defendants' accounting fraud, insider trading, motive, and opportunity were sufficient to state a § 10(b) claim against the Corporation and all of the various Individual Defendants except Defendant Jensen, and Defendants failed to show they were entitled to the protection of the statutory safe harbor for certain allegedly fraudulent forward-looking statements upon which Plaintiffs relied; (2) Plaintiffs stated § 20(a) claims against the Corporation and all of the Individual Defendants except Defendant Jensen; (3) *Plaintiffs' failed to state a §10(b) claim against Defendant E&Y because their allegations that E&Y had intimate knowledge of Cardinal's fraudulent activities and that E&Y had failed to adhere to GAAP and GAAS rules did not establish the necessary inference of scienter required under the law.*

*See* March 27 Opinion at 2 (emphasis added). This Court then delineated how its holdings affected the individual parties:

> Defendants' motions are **GRANTED** in part and **DENIED** in part. The following motions are **GRANTED**: (1) Cardinal Defendants' Motion to Dismiss as to Defendant Jensen; (2) Defendant E&Y's Motion to Dismiss. The following motions are **DENIED**: (1) Cardinal Defendants' Motion to Dismiss as to Cardinal and Defendants Walter, Fotiades, Miller, Millar and Parrish; (2) Defendant Miller's Motion to Dismiss; (3) Defendant Millar's Motion to Dismiss. Plaintiffs' Motion to Strike is **GRANTED** in part and **DENIED** in part.

*Id*. at 2-3.

Second, in addition to summarizing its conclusions in the summary, the Court included a conclusory paragraph at the end of each of the sub-sections of the March 27 Opinion, in which it either specified whether a particular motion to dismiss was granted or, if not, stated unequivocally why that motion was denied. *See, e.g.,* March 27 Opinion at 78-79 (finding that Plaintiffs' allegations, when taken together, support a finding of Defendants' scienter); March 27 Opinion at 112-113 (finding that Plaintiffs adequately pled their prima facie case of securities fraud as against all Defendants except Defendant Jensen); March 27 Opinion at 114 (denying Defendants' motions to dismiss Plaintiffs' § 20(a) claim as to all Defendants but Defendant Jensen); March 27 Opinion at 143-44 (dismissing Plaintiffs' 10(b) claim as to Defendant E&Y for Plaintiffs' failure to establish scienter).

Finally, in the Conclusion of the Opinion, the Court recounted, once again, exactly who was dismissed and who was not, writing:

> . . . the Court **DENIES** the following: (1) Cardinal Defendants' Motion to Dismiss both Plaintiffs' § 10(b) and Rule 10b-5 claims and Plaintiffs' § 20(a) control person claims; (2) Defendant James F. Millar's Motion to Dismiss both Plaintiffs' § 10(b) and Rule 10b-5 claims and Plaintiffs' § 20(a) control person claims; and (3) Defendant Richard J. Miller's Motion to Dismiss both Plaintiffs' § 10(b) and Rule 10b-5 claims and Plaintiffs' § 20(a) control person claims. The Court **GRANTS** the following: (1) Defendant Gary S. Jensen's Motion to Dismiss both Plaintiffs' § 10(b) and Rule 10b-5 claims and Plaintiffs' § 20(a) control person claims; and (2) Defendant E&Y's Motion to Dismiss Plaintiffs' § 10(b) and Rule 10b-5 claims.

March 27 Opinion at 144.

In granting Defendant E&Y's Motion to Dismiss, the Court explained that Plaintiffs' Complaint had failed to allege facts showing that E&Y had acted with the scienter required by Section 10(b) and the PSLRA, writing:

> Plaintiffs rest on nothing more than broad conclusory allegations to assert that E&Y acted with scienter in preparing its audit reports. In *Fidel*, the Sixth Circuit explained that such vague allegations, even when viewed in their totality, "do not create the inference, much less a *strong* inference, that [an auditor] acted with the required state of mind." Therefore, as in *Fidel*, in this case, this Court concludes that, in their totality, Plaintiffs' allegations do not raise a strong inference that E&Y acted with scienter in recklessly or knowingly affirming Cardinal's fraudulent accounting for FY2002 and FY2003.
>
> Because Plaintiffs' claims do not create a strong inference of Defendant E&Y's scienter, Plaintiffs cannot establish all the elements of their section 10(b) prima facie case. Thus, the Court **GRANTS** Defendant E&Y's Motion to Dismiss.

*See* March 27 Opinion at 143-144 (citations omitted). The Court separately granted Defendant Jensen's Motion to Dismiss, but explicitly denied all other Defendants' Motions to Dismiss, writing.

> Defendants' motions are **GRANTED** in part and **DENIED** in part. The following motions are **GRANTED**: (1) Cardinal Defendants' Motion to Dismiss as to Defendant Jensen; (2) Defendant E&Y's Motion to Dismiss. The following motions are **DENIED**: (1) Cardinal Defendants' Motion to Dismiss as to Cardinal and Defendants Walter, Fotiades, Miller, Millar and Parrish; (2) Defendant Miller's Motion to Dismiss; (3) Defendant Millar's Motion to Dismiss.

*See* March 27 Opinion at 2-3. Thus, as made clear in the above explanatory paragraphs, in dismissing Plaintiffs' claims as to E&Y, this Court *never* intimated that its reason for doing so applies to any of the other Defendants. On the contrary, the Court carefully explicated its holdings and their effect on each Defendant at least three times in its Opinion.

At best, the "five discrete points" listed in Defendants' Motion create ambiguities where there are none. First, Defendants ask the Court to find that in dismissing Plaintiffs' claims regarding Cardinal's treatment of the $22 million Vitamin Litigation settlement as to E&Y, the Court also dismissed these claims as to the other Defendants. Second, Defendants ask the Court to clarify that its finding that Cardinal's recognition of cash discounts from pharmaceutical

manufacturers was not actionable as against E&Y requires dismissal of the cash discounts claim as to *all* Defendants. Third, Defendants ask the Court to expand on whether in finding that Plaintiffs failed to particularize their "special charges" claim as to E&Y, the Court also found that Plaintiffs failed to particularize the "special charges" claim as to *all* Defendants. Fourth, Defendants seek clarification as to whether Plaintiffs' failure to allege sufficiently that "the mislabeling of Pyxis receivables was materially misleading and fraudulent" as to E&Y applies to *all* Defendants. Fifth, and lastly, Defendants ask the Court to explain that in dismissing Plaintiffs' allegations related to Cardinal's "24-hour rule" as they applied to E&Y, the Court implied that because the Company had fully disclosed its policies to the open market, Defendants should not be held liable for allegedly mis-treating Cardinal's Bulk Sales Revenues.

In Defendants' discussion of the above five points, at no point do they cite to any language from this Court's Opinion which might lead them to believe that the Court had extended its holdings as to E&Y to *all* Defendants. Further, at no point do they indicate an ambiguity in the Court's findings. Accordingly, in asking for clarity, Defendants blatantly disregard the Court's clear explanation as well as its diligent effort to draft an opinion that unambiguously explains its holdings as to *each* individual Defendant. In its March 27 Opinion on Defendants' various motions to dismiss, this Court engaged in a carefully reasoned analysis as to why the claims as applied to E&Y were insufficient to survive a motion to dismiss. The Court was clear before, and it will be clear once more. The holding as to E&Y does *not* apply to the other Defendants.

Though in name Defendants' Motion is a motion for clarification, this Court finds that in fact, it is actually a motion for reconsideration. And although federal courts have no established

standard of review for motions to clarify, they often equate such motions with motions for reconsideration. *See VSI Holdings, Inc. v. SPX Corp.*, 2006 WL 568333, at *2 (E.D. Mich. Mar. 7, 2006) (considering defendant's motion for clarification to be a motion for reconsideration). Because Defendants have not pointed to any ambiguous language in the Court's March 27 Opinion on which it needs clarification, and because motions for clarification are equated with motions for reconsideration, this Court hereby considers Defendants' Motion to be a motion for reconsideration.

Motions for reconsideration are generally granted only where the moving party demonstrates the existence of: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law. *See Owner-Operator Indep. Drivers Ass'n v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (citing *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Defendants have pointed to no manifest error, newly discovered evidence, or new or intervening precedent that would cause this Court to modify its previous findings. Defendants have done no more than to ask this Court to apply certain findings applicable to Defendant E&Y to *all* Defendants. Thus, in the absence of any ambiguities to which Defendants can cite, this Court will not waste its resources "to clarify" that which it has already made abundantly clear in its previous Opinion. Therefore, Defendants' Motion for Clarification is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Clarification is **DENIED**.

**IT IS SO ORDERED.**

**s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: May 23 2006**